**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

GRAHAM HARRY SCHIFF,          *

Petitioner                           *

v                                 *         Civil Action No. PX-20-1144

WARDEN and                   *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND         *

Respondents                 *
                               ***

**MEMORANDUM OPINION**

Pending before the Court is Graham Harry Schiff's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Respondents argue that the petition must be dismissed as untimely and unexhausted. Schiff, who proceeds pro se, has responded. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules {Governing* Section 2254 *Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Petition is dismissed and a certificate of appealability shall not issue.

**I. Background**

This habeas corpus petition stems from Schiff's 2017 state court conviction for stalking and harassment. On April 25, 2017, the Circuit Court for Montgomery County sentenced Schiff to five-years imprisonment, all suspended but 12 days' time served, and three years of supervised probation. ECF No. 8-1 at 8. Soon after, on November 22, 2017, Schiff was arrested for violating his probation, and on March 6, 2018, the Circuit Court sustained the violations. *Id.* at 8-9. As punishment on the probation violation, the court reinstated the five-year suspended prison term, suspended all but two years in prison, granted 111 days credit for time served, and imposed two

years of supervised probation thereafter. *Id.* at 12.  Schiff did not file an application for leave to appeal the violation or sentence.

Over a year later, on June 10, 2019, Schiff petitioned the court for postconviction relief on the 2017 conviction. *Id.*  While the postconviction petition was pending, on August 2, 2019, the Division of Parole and Probation requested another VOP warrant for Schiff.  The Circuit Court issued the warrant and scheduled a VOP hearing for September 5, 2019, which has been postponed until December 21, 2020. *Id.* at 15-17, 20.  Schiff also withdrew his post-conviction petition, which was granted without prejudice January 27, 2020. *Id.* at 18.

Schiff filed this petition on April 23, 2020.  ECF 1 at 5; *see Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998); *see also* Rule 3(d), *Rules Governing Section 2254 Proceedings* (discussing the mailbox rule).  Schiff argues that his 2017 convictions should be vacated on due process grounds.  He specifically contends that (1) the State "used illegal evidence which falsified material facts" to make it appear that writing in his notebook had been delivered to the victim; (2) the trial court improperly refused to answer questions from the jury; and (3) the victim committed perjury by stating under oath the she was born in the Czech Republic, which was actually Czechoslovakia when the victim had been born.  ECF No. 5 at 5.

## II.   Discussion

### A.  The habeas petition challenging Schiff's 2017 state conviction

This Court may grant a petition for a writ of habeas corpus only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Pursuant to § 2254(d), a petitioner must file his petition within one year from the date on which the judgment becomes final. *See* 28 U.S.C. §2244(d)(1);[4] *Wall v. Kholi*, 562 U.S. 545, 549 (2011).

---

[4] Section 2244(d)(1) provides that:

Schiff does not dispute that he has filed this petition beyond the one-year limitations period. Instead, he maintains that one of the statutorily enumerated exceptions to the one-year filing bar apply. He contends that time for filing must be measured by "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." §2244(d)(1)(D). ECF No. 5 at 5. He adds that did not discover the basis for his claims until he reviewed the trial transcript on August 2, 2019, because his "poverty prevented him" from being able to afford a transcript until postconviction counsel supplied it to him. *Id.*

Although the Court is sympathetic to Schiff's financial circumstances, it cannot credit his argument. Schiff knew of the underlying facts of his trial as it was *his trial.* Further, he could have discovered the basis for his claims "through the exercise of due diligence," had he noted a direct appeal or requested such information as an indigent. ECF No. 8-1 at 6. Accordingly, the Court concludes the operative date for calculating the federal habeas filing deadline is the date the conviction became final. *See* 28 U.S.C. § 2244. "[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, 28 U.S.C. § 2244(d)(1)(A).

---

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Schiff's conviction became final thirty days later, when the time to file an appeal expired, on May 25, 2017.[5] *See* Md. Rule 8-202(a); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (under § 2244(d)(1)(A), a judgment that is not reviewed in the Supreme Court "becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). Accordingly, the statute of limitations under §2244(d)(1)(A) expired a year later, on May 25, 2018.

As for his violation of his probation, he was adjudicated and resentenced on March 6, 2018. He had thirty days from that date to apply for leave to appeal. *See* Md. Code, Cts. & Jud. Proc. § 12-302(g); Md. Rule 8-204(b)(2)(A). Schiff did not, and so the limitations period to challenge aspects of that judgment ran on April 5, 2019. Schiff filed this Petition on April 23, 2020, well beyond any permissible time to file. Therefore, unless the limitations period was tolled, the Petition is time-barred.[6]

As to statutory tolling "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). On July 18, 2018, Schiff filed an untimely motion for reconsideration of sentence, which the Circuit Court denied on August 9, 2018. ECF No. 8-1 at 13. An untimely filed motion does not toll the limitations period pursuant to § 2244(d)(2). Next, Schiff failed to file his postconviction petition until June 10, 2019, long after the one year after the limitations period for

---

[5] Because Schiff was on state probation, he was "in custody pursuant to the judgment of a state court" for the purposes of seeking habeas relief. 28 U.S.C. § 2254(a); *see also Minnesota v. Murphy*, 465 U.S. 420, 430 (1984) (observing that probationer "would be regarded as 'in custody' for purposes of federal habeas corpus") (citing *Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963)).

[6] Schiff's new pending VOP proceedings do not trigger a new starting date for the limitations period because no court has adjudicated that petition.

this petition had lapsed. ECF No. 8-1 at 8. Accordingly, Schiff's time for filing the petition has not been tolled pursuant to the habeas statute sufficient to render the petition timely.

As for equitable tolling, it applies only in "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling requires the petitioner to show that any delay in filing the petition resulted from Respondents' wrongful conduct or other circumstances beyond petitioner's control. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Schiff maintains that he is entitled to have his petition equitably tolled because he is actually innocent. He argues that the 2017 conviction was based on "fabricated evidence" in that pages ripped from his notebook had been "made to look like it had been given to the victim." ECF No. 9 at 1-2. He also seems to argue that erroneous jury instructions somehow render him actually innocent. *Id.* at 2. Although Schiff is correct that actual innocence is an "equitable exception," to the one-year time-bar, *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013), the petitioner must show how "new evidence" demonstrates "'it is more likely than not that no reasonable juror would have convicted'" him. *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Perkins*, 569 at 399. This exception is "grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392.

5

More particularly, an actual innocence claim must be based on "reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 315-17. Consequently, meritorious actual innocence claims are rare, as the petitioner must show that "in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (brackets omitted) (quoting *Schlup*, 513 U.S. at 329*); see also Schlup*, 513 U.S at 324. The gateway actual innocence "standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted); *see, e.g., Perkins*, 569 U.S. at 401 ("We stress once again that the [actual innocence] standard is demanding.").

Schiff has not met this high bar. His conclusory allegations of error do not substitute for credible evidence, and certainly does not undermine the guilty finding. Accordingly, the Court finds his claim of actual innocence unavailing. Schiff's petition, therefore, remains time-barred and must be denied on this basis.

## B.    Remaining challenges

Schiff also appears to seek this court's intervention in his pending VOP and new stalking charges that have been placed against him and for which he is awaiting trial. Such claims are not cognizable in a § 2254 proceeding as there is no final judgment which triggers the statute's application. Alternatively, to the extent Schiff is trying to challenge them pursuant to 28 U.S.C. § 2241, this Court will refrain from interfering with pending state criminal proceedings absent a showing of extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989); *see also Braden*

*v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973); *see also Robinson v. Thomas*, 855 F.3d 278, 285-86 (4th Cir. 2017) (holding that federal district court properly abstained under *Younger* from exercising § 2241 jurisdiction over ongoing criminal proceeding where there was "an adequate opportunity to raise constitutional challenges within the framework of the state judicial process").   To justify federal intervention in state proceedings, the petitioner must show "bad faith or harassment by state officials," or where application of the criminal laws is "flagrantly and patently violative of express constitutional prohibitions." *Robinson*, 855 F.3d at 286 (internal quotation marks and citation omitted).   Schiff's bald contention that his petition meets such requirements, ECF No. 9, does not justify such extraordinary relief.   Any such request must be denied.

## III.   Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2). Where the dismissal turns solely on procedural grounds, a petitioner must demonstrate that "(1) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"   *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Schiff has not made the requisite showing, and thus, the Court declines to issue a certificate of appealability.   Schiff may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.   *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV.  Conclusion**

For the above-stated reasons, Schiff's Petition is dismissed without prejudice for lack of exhaustion. The Court declines to issue a certificate of appealability.   As separate Order follows.

<table>
<tr><td>_____9/29/2020_____</td><td>_____/S/_____</td></tr>
<tr><td>Date</td><td>Paula Xinis</td></tr>
<tr><td></td><td>United States District Judge</td></tr>
</table>

8